David M. Gottfried, Esq.
Gottfried & Gottfried, LLP.
(646) 218-7553
www.gottfried.net
davidlaw@gottfried.net
*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KAMIL BHIMANI,**<br>A#242186028<br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD LYONS, Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Attorney General of the United States, and ROBERT BROWN, The Warden, Brooklyn Detention Facility<br>Respondents. | Case No. 26-5415 |

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND THE FOURTEENTH AMENDMENT**

Petitioner, Kamil Karimbhai Bhimani, by and through counsel, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Fourteenth Amendment's Due Process Clause, and the Court's inherent authority to remedy unconstitutional detention. Petitioner alleges as follows:

## I. JURISDICTION AND VENUE

1. This petition is brought under 28 U.S.C. § 2241, which authorizes federal courts to grant habeas relief to persons "in custody in violation of the Constitution or laws or treaties of the United States."

2. Petitioner is detained by federal immigration authorities and challenges the constitutionality of the process resulting in his continued detention—specifically, a biased and fundamentally unfair bond hearing.

3. Jurisdiction is proper under 28 U.S.C. §§ 2241 and 1331 because Petitioner challenges the legality of federal executive detention.

4. Venue is proper in the District of New York because Petitioner resides in this District, the constitutional injury occurred here, and Respondents exercise custody and authority over Petitioner within this jurisdiction.

## II. PARTIES

5. Petitioner, Kamil Karimbhai Bhimani, A-Number 242-186-028, is detained at the Metropolitan Detention Center in Brooklyn, New York.

6. Respondent, Robert Brown, Warden has immediate custody over Petitioner.

7. Respondent, Todd Lyons, Director of ICE.

8. Respondent, Todd Blanche, U.S. Attorney General.

9. Respondent, Markwayne Mullin, DHS is the agency seeking Petitioner's continued detention.

## III. STATEMENT OF FACTS

A. The August 10, 2026 Bond Hearing

10. On August 10, 2026, Petitioner appeared for a custody redetermination hearing before Immigration Judge Tonya Antoniatos at the Varick Street Immigration Court.

11. Petitioner submitted extensive evidence demonstrating community ties, family ties, employment, and eligibility for relief, including:

- 2025 federal tax return
- Proof of employment
- Work authorization card
- U.S. citizen child's passport and birth certificate
- Eight community support letters
- Sponsor affidavit
- Sponsor's in-person appearance in court

11. DHS conceded that Petitioner has no criminal record.

12. The IJ admitted all evidence into the record.

B. The Immigration Judge's Biased Conduct

13. The IJ made multiple findings contradicted by the record, including, "there is an insufficient showing of meaningful community and family ties, a legitimate sponsor, stable income, or future relief options."

- The IJ refused to consider Petitioner's work authorization card, despite the fact that under 8 C.F.R. § 208.7, USCIS may issue work authorization only after an asylum application has been filed and pending for 150 days.

15. The IJ stated "on this record, the respondent has no relief available to him."

16. This statement is factually false, because Petitioner's work permit proves an asylum application was filed.

16. The IJ dismissed eight community letters as "copy-and-paste boilerplate," despite DHS presenting no evidence contradicting them.

17. The IJ criticized the sponsor's affidavit for not explaining the relationship, even though the sponsor was physically present and could have been questioned.

18. The IJ relied on legally irrelevant factors such as: 1) Petitioner's income level ("he only claimed $24,400"); 2) Lack of spouse's appearance; 3)Lack of employer letter; and 4) Lack of prior-year tax returns.

19. None of these are required under *Matter of Guerra*.

19. The IJ imposed an unlawful requirement that Petitioner submit his I-589 asylum application in the bond record, even though bond hearings do not require filing the I-589.

C. The August 18, 2026 Bond Denial Confirms Predetermination

20. On August 18, 2026, a second IJ denied Petitioner's renewed bond request, stating:

"Counsel files a new request for bond but does not state any changed circumstances... Counsel has not alleged any new facts, only evidence that could have been filed."

21. This confirms the first IJ's decision was **predetermined**, because:

- The IJ refused to consider new evidence addressing the alleged deficiencies.
- The IJ treated the first denial as final regardless of the record.
- The IJ applied a categorical rule rather than an individualized assessment.

22. The cumulative record demonstrates **actual bias**, not mere disagreement.

## IV. EXHAUSTION OF REMEDIES

23. § 2241 does not require exhaustion of administrative remedies where exhaustion would be futile or where the petitioner raises pure constitutional claims.

24. The immigration courts have demonstrated that further administrative review would be futile because the IJ's bias infected the entire process.

25. Petitioner therefore satisfies any prudential exhaustion requirement.

## V. LEGAL CLAIMS

Claim 1: Violation of the Fifth and Fourteenth Amendments — Biased Adjudication

26. Immigration detainees are entitled to a neutral adjudicator under the Fifth Amendment's Due Process Clause.

27. The IJ's conduct violated due process because it "pervaded the overall fairness of the proceeding." (*Thomas v. Johnson*, 2022 WL 603002).

29. The IJ's conduct demonstrated actual bias by: 1) Relying on incorrect facts; 2) Ignoring material evidence; 3) Applying legally erroneous standards; 4) Imposing extra-legal burdens; 5) Demonstrating selective skepticism; and 6) Predetermining the outcome.

30. Under *Johnson v. Carroll*, actual bias violates due process and warrants habeas relief.

Claim 2: Structural Error — Denial of a Meaningful Opportunity to Be Heard

30. Structural errors require automatic reversal.

31. The IJ's refusal to consider Petitioner's work permit, sponsor testimony, and community evidence deprived Petitioner of a meaningful opportunity to be heard.

32. The IJ's predetermination rendered the hearing constitutionally defective.

Claim 3: Unlawful Immigration Detention Resulting from Constitutionally Defective Proceedings

33. Because the bond hearing violated due process, Petitioner's continued detention is unlawful under 28 U.S.C. § 2241.

34. Immigration detention must be supported by a constitutionally valid process, which did not occur here.

## VI. REQUEST FOR RELIEF

Petitioner respectfully requests that this Court:

1. Issue a writ of habeas corpus under 28 U.S.C. § 2241;
2. Vacate the August 10 and August 18, 2026 bond denials;
3. Order Petitioner's immediate release, or
4. Order a new, unbiased custody redetermination hearing before a different Immigration Judge;
5. Grant any further relief the Court deems just and proper.

**VERIFICATION**

I, Amit Deshmukh, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: _*08/31/2026*_

Signature: ___*/s/ David Gottfried*_

David M. Gottfried, Esq.
Gottfried & Gottfried, LLP.
(646) 218-7553
www.gottfried.net
davidlaw@gottfried.net
Attorney for Petitioner