**Transcript**

**Judge:** Okay, we are on the record. This is Immigration Judge Tonya Antoniatos sitting at the Varick Street Immigration Court in New York, New York. I'm joined by Judge Kara Reese for observation purposes. Today's date is August 10th of 2026. We are here for a custody proceeding in the matter of A242-186-028. Um... Counsel... Apologies, no. So, the respondent is appearing via VTC from Metropolitan Detention Center in Brooklyn, New York. He's represented by counsel, who is appearing via Webex. Counsel, can you state your name for the record?

**Counsel:** Tiffany Jackson on behalf of the respondent.

**Judge:** Okay, we also have DHS represented by Ms. Hobbs. Um, we do not have an interpreter today. Counsel, are you waiving the interpretation for the entirety of these proceedings for today?

**Counsel:** Yes, Judge.

**Judge:** Okay.

**Counsel:** Yes.

**Judge:** And do both parties agree that I have jurisdiction to hear this custody case?

**DHS:** Yes, Your Honor.

**Counsel:** Yes.

**Judge:** Okay, so the evidence is marked Exhibit 1, the respondent's bond re-determination request... uh, with attached tabs A through J. Um, counsel, your table of contents says that there's photographs attached, but none are attached. Was that just an error on your part?

**Counsel:** Uh, yes, Your Honor. I believe the evidence is just the text document. The photos are photos of the identification. ID.

**Judge:** Oh, okay. Okay. It said photographs of family members, so I wasn't sure. And then...

**Counsel:** Oh, then that's a mistake, Your Honor. My apologies.

**Judge:** Okay. And Exhibit 2 is the respondent's submission... um, today on August 10th, 2026, of his tax return from 2025. DHS, do you have any objections?

**DHS:** No, Your Honor.

**Judge:** Okay, so both documents are being admitted and will be afforded the appropriate weight. And for clarity on the record, this is the case of Soumaila Karimba Bimoni, A242-

186-028, if I didn't previously state. Okay, counsel, how do you want to proceed? Are we going direct to closing arguments?

**Counsel:** Yes, Judge.

**Judge:** Okay, counsel, you can go ahead.

**Counsel:** Okay, we respectfully request for the court to grant a reasonable bond. Respondent lawfully entered the United States with a visa. He filed for asylum timely, which is currently pending with the court. Um, he has no criminal record. He has been gainfully employed. He works at a gas station doing inventory. He is a father of a U.S. citizen child who is 6 years old, um, which we attached his uh child's U.S. passport as well as birth certificate. Um, since entering the United States, respondent has been a, um... excuse me. Since entering the United States, respondent has been a dedicated member of his community, which is evidenced by the good moral character affidavits. He has a sponsor that is a U.S. citizen that is willing to post um, bond on his behalf. He attached his taxes as well as proof of his citizenship status. There is nothing in the record to assert that the respondent would be a flight risk, as he has been living in the U.S. for years. Um, as I mentioned, he has a U.S. citizen child here. He has strong ties to his community. He has been gainfully employed. He's paid taxes, which is evident in the record. He has a work authorization to remain here. He has an asylum claim that has been pending prior to him being detained. Um, he was detained while traveling through the airport, and there's nothing in the record to show that he would have flouted um, bail or a bond if granted by the court. As I say, he lawfully entered the United States, he timely filed for asylum, he has been a person of good moral character since being in the United States, and there's nothing in the record to note that he would be a person of um... a person to commit any kind of crimes, as he has no criminal record here or anywhere else in the world.

**Judge:** Thank you. Counsel, DHS?

**DHS:** Your Honor, it's the Department's position that the respondent is a flight risk and that no amount of bond can mitigate the risks he presents. First, the Department acknowledges that the respondent has no criminal record. However, we believe he is a flight risk based on the fact that he already disobeyed a directive from the government of the United States when he overstayed the visa issued to him. Additionally, the Department would ask the court to give diminished weight to the affidavits from individuals contained in evidence submitted by counsel. All of the affidavits of good moral character in his evidence submissions say the exact same thing, and essentially appear to be a stock document prepared by counsel and signed by people who give their address and the amount of time that they've known him, and no additional specific facts about what they've observed

about the respondent. This is strange and should be given little evidentiary weight, as we know nothing of who these people are and what languages they speak. Um, his sponsor here intends to give him a place to live, but does not address the respondent's wife or 6-year-old child, who seemingly live with him. Additionally lacking is any employment history, addresses here, and an affidavit from his wife detailing where they live, what she does for work. It is our position that the respondent has failed to meet his burden of proof to show he is not a flight risk. We would ask the court to deny bond.

**Judge:** Thank you. And I should have done this earlier, counsel, I'm noting for the record that um, the sponsor Mr. Sameer Salim Dadani is uh, appearing in person with the court in the gallery. All right, just give me one moment.

**Counsel:** And then Judge, if you want any other arguments, I can respond to DHS's uh, arguments.

**Judge:** Very briefly, if you would if you'd like to respond.

**Counsel:** Okay, sure. Sure. In regards to flight risk and him overstaying his visa, as mentioned, he timely filed an application for asylum, so he still had lawful presence here in the United States. His pending application gives him lawful presence, not lawful status. Um, additionally, in regards to his wife, he does state in his application that he is uh, married, however, his... he has his own finances and his own employment, which is evidenced by the tax returns that he submitted and filed prior to him being detained.

**Judge:** And Ms. Jackson, just making sure I'm not overlooking something in the record, he did not submit a copy of the I-589 into the bond record, correct?

**Counsel:** No, there's no copy of the I-589. Um, I'm not doing his removal proceedings, however, I do believe that there has been an asylum application that should be submitted all within, but I do have a copy of the application if the court would like to see it.

**Judge:** Okay, but you didn't submit it in advance of this bond hearing, correct?

**Counsel:** No, Your Honor. No.

**Judge:** Okay. So, the court is going to deny bond in this case. The court is going to find that the respondent has not established that he does not pose a flight risk. And here's why: The court acknowledges that the respondent entered through lawful means, but that was in 2023, and there is an insufficient showing of meaningful community and family ties, a legitimate sponsor, stable income, or future relief options on this bond record before me today.

First, the respondent says he intends to diligently pursue his I-589 application in his filings, um, as well as represented by counsel here today, but that application has not been proffered in the bond record. And therefore, there is no way for the court to assess his relief viability, if at all. Um, counsel was explicitly asked if that application was filed as proof in the bond record, and she confirmed it was not. So, on this record, the respondent has no relief available to him.

Uh, second, the respondent has an affidavit from his sponsor, who he says can provide the respondent with housing assistance, transportation, and ensure his appearance at future hearings. The sponsor is also appearing today in court. However, concerning to the court is that the letter does not acknowledge how the respondent even knows this... how the sponsor even knows this respondent, or if he knows him at all. The response... uh, the sponsor was not put on a witness list, and therefore we could not question him further about that relationship.

Uh, third, the respondent indicates through counsel in the factual background portion of his request for bond that he has a United States citizen child who, quote, "depends on him emotionally and financially." The respondent also provides a copy of his work authorization card. Thus, presumably, the respondent can work and wants the court to believe he is working in some manner to provide financial support to his son. However, the respondent filed only a tax filing from 2025, um, not the prior years, and he only claimed $24,400 on that tax return, and listed his spouse on the joint return. There is no letter from his employer, there's no tax return from 2024, there's no letter from his spouse. His spouse did not appear in the courtroom or via Webex today to show her support, and this is of concern to the court regarding his community ties.

The court would also note that respondent provides eight letters from different persons who he characterizes... who the authors characterize as number... um, I'm sorry, strike that. So, the respondent also provides eight letters of support from persons he characterizes as numerous community character letters. Yet each letter, as the Department pointed out, is copy-and-paste boilerplate. It is not clear to the court if these persons do, in fact, even know the respondent, and if they do, why they could not have provided letters in their own words, um, describing their relationship to the respondent and his um, connections to the community.

Um, considered cumulatively, the court cannot find that the respondent has established he does not, uh, continue to be a flight risk on the bond record before it today, and would deny bond. Uh, counsel, are you reserving appeal?

**Counsel:** Yes, Judge.

**Judge:** Okay, so that's going to be September 9th, 2026. DHS, late… waive or reserve?

**DHS:** Waive, Your Honor.

**Judge:** Okay, is there anything further from either party?

**DHS:** No, Your Honor.

**Counsel:** Nothing further, Judge. Thank you.

**Judge:** Counsel, will you take it upon yourself to advise um, your client about my decision, his appeal rights, etc.?

**Counsel:** Yes.

**Judge:** Okay, thank you. There being nothing further, we are adjourned.

**Counsel:** All right, thank you. Everybody have a great day.

**Judge:** You as well.